UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff | |
| v. | CR. NUMBER 7:13-CR-061 |
| JUAN CARLOS VENEGAS, | |
| Defendant. | |

### UNITED STATES'S EMERGENCY MOTION TO QUASH SUBPOENA

The United States of America, through undersigned counsel, hereby moves this Court for an Order quashing the subpoena requiring testimony by the juvenile victim at the suppression hearing scheduled for Tuesday, March 26, 2013 at 2:30 PM. This Court should grant this Motion to Quash because there are no factual issues requiring the victim's testimony at the suppression hearing, the Defendant is not entitled to test the United States's evidence in advance of trial, the Court should not sanction Defendant's efforts to harass the witness, defense counsel violated the Crime Victim's Rights Act, and service of the subpoena was defective.

### BACKGROUND

On July 8, 2012, the United States filed a criminal complaint against Defendant, alleging that he utilized his cell phone to coerce and entice a 13-year-old boy into having sex with Defendant. Defendant had already been arrested on the related State charge a few days earlier, on July 2, 2012, when the boy's father found Defendant in the boy's bed. But Defendant quickly bonded out of State custody, and, before he could be arrested on the federal charge, he absconded to Mexico where he remained a fugitive for more

than seven months until February 16, 2013 when he attempted to cross into the United States at the Del Rio Port of Entry. On February 27, 2013, a federal Grand Jury sitting in Midland, Texas indicted Defendant on one count of violating 18 U.S.C. § 2422(b), which prohibits using a facility of interstate commerce in the coercion and enticement of a juvenile to engage in sexual activity.

On March 11, 2013, defense counsel filed three motions, two of which were discovery motions that were already denied as moot by the Magistrate Judge. The third, the motion to suppress, was set for a hearing on March 26, 2013. The motion filed by defense counsel was a boilerplate motion devoid of any specific facts that were in dispute. (*See* Doc. No. 25.) Instead, defense counsel simply made vague allegations that Defendant's encounter with law enforcement was unlawful. For example, the first point of error is as follows: "There was no reasonable suspicion to detain Defendant. Moreover, the continued detention of Defendant was unlawful given that the basis for detention falls short of reasonable suspicion. Furthermore, there was no probable cause to arrest Defendant." That is all. *In toto*. Similarly, defense counsel's second point of error states, verbatim: "The evidence obtained as a result of any cellular phones, vehicle and home should be suppressed given the exclusionary rule and the unlawful search herein." In the third and final point of error, defense counsel asserts that Defendant's statements to law enforcement should be suppressed. Again, the entire argument on this point is one sentence: "The exclusionary rule allows the exclusion of various forms of evidence and it applies to all evidence whether it is physical, written or verbal and whether in violation of Fourth or Fifth Amendment herein."

On Friday, March 22, 2013, undersigned counsel called defense counsel to inquire whether Defendant intended to still have the suppression hearing now that defense counsel has had an opportunity to review all the discovery, including the video recorded post-*Miranda* interview of Defendant. Defense counsel stated that the hearing would still be necessary. In an effort to provide briefing to the Court on the legal issues, undersigned counsel inquired what the anticipated factual issues would be, given that the motion was essentially content-less and of no aid to the United States or the Court in preparation for the hearing. Defense counsel declined to elaborate and instead stated that the hearing itself would flesh those facts and issues out. As a consequence, the United States did not file a response brief.

On Saturday, March 23, 2013, defense counsel sent her private investigator to serve a subpoena to testify on the father of the 13-year-old victim. That subpoena will be provided to the Court for *in camera* review or filed under seal (whichever the Court prefers) as an attachment to this motion because it has the juvenile's full name and his father's name on the subpoena. Notably, defense counsel did not "tender to the witness one day's witness-attendance fee and the legal mileage allowance," as required by Federal Rule of Criminal Procedure 17(d).

## ARGUMENT

### THE COURT SHOULD QUASH DEFENDANT'S SUBPOENA FOR THE VICTIM'S TESTIMONY

**A.      The Court Has The Authority To Quash the Subpoena.**

In a criminal case, the United States "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests," including the United States's interests in avoiding harassment to witnesses and undue

prejudice to its case. *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir. 1982); *United States v. Orena*, 883 F. Supp. 849 (E.D.N.Y. 1995). In adjudicating a motion to quash, the trial court may consider: (1) whether the subpoena was issued primarily for purposes of harassment; (2) whether there are other viable means to obtain the same evidence; and (3) the extent to which the information sought is relevant, nonprivileged, and crucial to the moving party's case. *Bogosian v. Woloohojian Realty Corp*., 323 F.3d 55, 66 (1st Cir. 2003). This Court may alter or quash a subpoena for testimony issued under Rule 17, *see, e.g., In re Nwamu*, 421 F.Supp. 1361, 1365 (S.D.N.Y. 1976), and that decision to quash is reviewed only for an abuse of discretion. *Gevinson v. United States*, 358 F.2d 761, 766 (5th Cir. 1966).

**B.    The Minor Victim's Testimony Has No Bearing On the Pending Motion To Suppress.**

In December 2011, in *United States v. Franesiour B. Kemache-Webster*, 8:10-cr-00654 (D. Md.), the District Court in Maryland faced a similar situation and granted the United States's motion to quash.   There, the defendant was charged with the same violation as in this case, 18 U.S.C. § 2422(b), coercion and enticement of a juvenile to engage in sexual activity.   Just as in this case, the defendant's attorney sent a private investigator to serve the subpoena requiring the 16-year-old female to testify at a pre-trial hearing.   The United States argued that the defendant had no basis to call the victim to testify because the pre-trial motions did not involve any factual testimony that the victim could provide.   Moreover, the United States argued that the more likely purpose of the subpoena was to intimidate and harass the juvenile victim.   *See United States v. Franesiour B. Kemache-Webster*, 8:10-cr-00654, Doc. No. 60 (D. Md. Mar. 22, 2011). Ultimately, the District Court agreed with the United States and granted the motion to

quash in a summary order. *United States v. Franesiour B. Kemache-Webster*, 8:10-cr-00654, Doc. No. 67 (D. Md. Mar. 23, 2011).

In *United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009), the Tenth Circuit addressed the trial court's role in deciding whether an indigent defendant may be permitted to subpoena certain individuals. While Defendant Venegas does not appear to qualify for indigent status, given that he retained Ms. Galindo, the analysis for whether to permit a subpoena to issue for an indigent defendant follows the same path of that involving a motion to quash under these circumstances. The *Pursley* court explained that, "[b]y virtue of the 'necessity' requirement, a defendant's burden under Rule 17(b) is not light." *Id.* Indeed, "Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense." *Id.* (internal citations omitted). Instead, "[t]o show 'necessity,' a defendant must establish that the witness's testimony is 'relevant, material, and useful.'" *Id.* (internal citations omitted). In other words, a defendant "must demonstrate particularized need." The court of appeals explained that "in no uncertain terms . . . an adequate ground for the denial of a request for a subpoena under the necessity requirement of Rule 17(b) exists when the defendant fails to set forth the expected testimony of a witness." *Id*.

In this case, defense counsel has not proffered any testimony from the victim that is relevant to the suppression issues vaguely alluded to in the two-page motion to suppress. There is nothing that the 13-year-old victim can testify to that would aid the Defendant's arguments that: Defendant was detained without reasonable suspicion (Argument I); Defendant's phone, vehicle, and home were unlawfully searched (Argument II); or Defendant's statements to law enforcement were unlawfully obtained

(Argument III). Instead, defense counsel's intent in issuing a subpoena to this 13-year-old victim can properly be characterized in one of two ways: a fishing expedition or intimidation and harassment. In other words, the present subpoena is little more than an attempt to take a courtroom deposition from the victim prior to trial; a deposition that would be unnecessary, harassing, and contrary to the rules governing discovery in criminal cases. Indeed, Rule 17 may not be used as a discovery tool in this manner. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220-221 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."). Therefore, this Court should quash Defendant's subpoena because the victim's testimony has no bearing on the suppression issues. *United States v. Franesiour B. Kemache-Webster*, 8:10-cr-00654, Doc. No. 67 (D. Md. Mar. 23, 2011).

### C. Defense Counsel Violated the Crime Victim's Rights Act.

The United States also submits that defense counsel's subpoena should be quashed because it violates the Crime Victim's Rights Act. As its name implies, that Act codifies specific rights that the 13-year-old victim has in this case. Among other things, the Act establishes "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Those rights also extend to the victim's father, as his guardian. 18 U.S.C. § 3771(e). Courts have recognized that Congress intended for this statute to be liberally interpreted in favor of the victim. *United States v. Turner*, 367 F. Supp. 2d 319 (E.D.N.Y. 2005) ("the Senate sponsors of the law were clear in their articulation of the overall import of the provision: to promote a liberal reading of the statute in favor of interpretations that promote victims' interest in fairness,

respect, and dignity"); *see also United States v. BP Products North America Inc.*, 2008 WL 501321, *15 (S.D. Tex. Feb. 21, 2008) (citing *Turner*).

Defense counsel served the subpoena to the boy's father at his place of business. It is a violation of the father's privacy and dignity, and at the very least unfair, to serve such subpoena on him in his place of employment where colleagues would see such service of process occur. Indeed, it is not likely that the father wishes to advertise the fact that his 13-year-old son was the victim of a sex crime, and such public service of the subpoena essentially destroyed any attempt at keeping this matter private. Questions by others no doubt abounded after being served the subpoena.

Furthermore, the suppression hearing is set for Tuesday at 2:30 PM and the 13-year-old victim has to be in school. Defense counsel is not responsible for the hearing's date and time, but nevertheless gave no thought whatsoever to the victim's privacy and dignity when she ordered him to miss school to attend this hearing with no legitimate basis for his testimony. Indeed, the school might very well require an explanation for his absence, lest he be deemed truant that day, and an honest explanation to the school requires an invasion of the victim's privacy, even if he only tells them he has to "go to court."

The unfairness of Defendant's subpoena is underscored by the complete lack of need of the victim at this particular pre-trial hearing. As articulated above, the suppression issues advanced in Defendant's two-page motion are vague, but it is very difficult to imagine how the victim could have any factual information that would aid the Court in addressing the legal issues. Absent such materiality, Defendant's attempt to have the boy appear in court is a clear violation of the Crime Victim's Rights Act, and

such violation should serve as a basis to quash the subpoena. *See United States v. Bradley*, 2011 WL 1102837, *2 (S.D. Ill. Mar. 23, 2011) (quashing subpoena to third party, recognizing that Rule 17 was amended by Crime Victims' Rights Act, and finding violation of § 3771(a)(8) where defendant sought information about juvenile victim that was irrelevant to hearing); *United States v. Pinke*, 2009 WL 4432669 (E.D. Ky. Dec. 2, 2009) (recognizing tension between CVRA and Sixth Amendment right to compel testimony, and ultimately granting government's request to preclude defendant from calling assault victim to testify at trial because such testimony would be irrelevant).[1]

## D. Subpoena Did Not Comply With the Express Requirements of Service in Rule 17(d).

Federal Rule of Criminal Procedure 17(d) sets forth the manner of service of a subpoena in a criminal case. Its terms are very clear. "The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim. Proc. 17(d). That requirement is even included on this Court's standard subpoena service form: "Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $___." In this instance, defense counsel's investigator left that amount blank because he did not provide the required fee and mileage allowance. This is a clear violation of Rule 17(d)'s service requirements. Consequently, this Court can and should quash the subpoena for that reason. Indeed, courts routinely quash subpoenas for this technical violation. *See, e.g., United States v. Harris*, 433 F. App'x 383 (6th Cir. 2011)

---

[1] Sixth Circuit Judge Jeffrey Sutton, sitting by designation, was the district judge in this case.

(affirming district court's decision to quash 20 subpoenas where defendant failed to tender witness fee and mileage, after holding phone conference about what the witnesses would likely say and determining the testimony would be "immaterial or duplicative").

## CONCLUSION

For these reasons, the Court should quash the subpoena issued to the juvenile victim in this case.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By: /s/ Austin M. Berry
Assistant United States Attorney
Bar No. 24062615
400 W. Illinois, Suite 1200
Midland, Texas 79701
432-686-4110
432-686-4131

<u>**Certificate of Service**</u>

I hereby certify that on March 24, 2013, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel for:

Defendant Juan Carlos Venegas: Marie Galindo

By:  <u>/s/ Austin M. Berry</u>
Assistant United States Attorney